UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JACQULYN ANN BIRKETT,

Plaintiff,

v. Case No.: 6:25-cv-01821-NWH

COMMISSIONER OF SOCIAL SECURITY,

Defendant,
_______________________________/

**ORDER**

This matter is before the Court on Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to the Equal Justice Act, 28 U.S.C. § 2412 (the "Motion") (Doc. 27). Specifically, Plaintiff requests a fee award of $4,492.79 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) (hereinafter, the "EAJA"). For the reasons set forth below, the Motion will be granted.

**I. Background**

Plaintiff initiated this action on September 22, 2025, after a final decision of the Commissioner denying her claim for Disability Insurance Benefits. (Doc. 1). Plaintiff argued that the ALJ did not apply the correct legal standard and made findings not supported by substantial evidence in the decision to deny benefits. (*See* Doc. 16 at 5-14). On April 22, 2026, the Commissioner filed an unopposed motion to remand the matter to the Social Security Administration. (Doc. 23). The Court granted the

motion, remanded the case pursuant to sentence four of 42 U.S.C. § 405(g), and entered judgment in favor of the Plaintiff. (Docs. 24 & 25). Plaintiff filed the instant unopposed Motion on July 20, 2026.

## II. DISCUSSION

### a. Eligibility for an Award of Fees

In ruling on a request for fees pursuant to the EAJA, a court must determine whether: (1) the requesting party is eligible for fees and (2) the amount of requested fees is reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A claimant is eligible for an attorney's fees award where: (1) the claimant is the prevailing party in a non-tort suit involving the United States; (2) the government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million when the complaint was filed; and (5) there are no special circumstances that would make the award of fees unjust. 28 U.S.C. § 2412(d). The fee award must also be reasonable. *Schoenfeld v. Berryhill*, No. 8:17-cv-407-T-AAS, 2018 WL 5634000, at *1 (M.D. Fla. Oct. 31, 2018) (citing 28 U.S.C. § 2412(d)(2)(A)).

A social security plaintiff is deemed to have prevailed against the United States if the court orders a "sentence four"[1] remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). The application for attorney's fees is timely if it is made within thirty days

[1] A "sentence four" remand refers to the fourth sentence of 42 U.S.C. § 405(g). Sentence four authorizes the Court to enter a "judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

of the final judgment in the action; however, premature requests are also deemed timely. 28 U.S.C. § 2412(d)(1)(B); *Myers v. Sullivan*, 916 F.2d 659, 679 n.20 (11th Cir. 1990). The deadline begins to "run[] from the end of the period for appeal," which is sixty days for the Commissioner. *Shalala*, 509 U.S. at 303; Fed. R. App. P. 4(a)(1)(B)(iii) (stating that in a civil case where one of the parties is a United States officer or employee sued in an official capacity, any party may file a notice of appeal within 60 days after entry of the judgment). The request must contain an allegation that the Commissioner's position was not substantially justified. *Jean*, 496 U.S. at 160.

Plaintiff has satisfied the five requirements that determine a claimant's eligibility for attorney's fees pursuant to the EAJA. Plaintiff is deemed to have prevailed since the Court entered a sentence four remand. (Docs. 24 & 25). Further, the request for fees was timely since it was filed within 30 days from entry of the final judgment after the period for appeal had expired. (Docs. 25 & 27); *see Cruz v. Berryhill*, 347 F. Supp. 3d 1199, 1203 (S.D. Fla. 2018). Additionally, Plaintiff avers that her net worth was less than two million dollars at the filing of the complaint and that the Commissioner's position was not substantially justified.[2] (Doc. 27 at 1-2). Further, the undersigned is not aware of any special circumstances that would make an award of fees unjust. Since Plaintiff is eligible for an award of fees, the remaining issue is whether the requested amount of fees is reasonable.

---

[2] Since the Commissioner has not objected to the Motion, the undersigned accepts the Plaintiff's representations.

**b. Reasonableness of the Fee**

EAJA fees are determined by using the "lodestar" method—the number of hours reasonably expended multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988), *aff'd* 496 U.S. 154 (1990). The EAJA requires that the amount of attorney's fees be "reasonable," which is determined by the "prevailing market rates for the kind and quality of the services furnished." 28 U.S.C. § 2412(d)(2)(A). However, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* The party requesting fees has the burden of demonstrating the reasonableness of the fee and the number of hours expended. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299, 1303 (11th Cir. 1988); *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). The requesting party may also include the number of hours it took to prepare the EAJA request in its request for fees. *Jean*, 863 F.2d at 779–80.

Courts use a two-step analysis when determining the appropriate hourly rate under the EAJA. *Meyer v. Sullivan*, 958 F. 2d 1029, 1033–34 (11th Cir. 1992). First, a court determines the market rate for similar services provided by lawyers of "comparable skill[ ], experience, and reputation" in the area. *Id.* at 1034. Second, the court evaluates the cost of living increase, specifically at the time the work was performed and not at the time when the motion was filed. *Id.*; *see also Bey v. Comm'r of*

*Soc. Sec.*, No. 3:18-cv-319-J-PDB, 2019 WL 4221716, at *2 (M.D. Fla. Sept. 5, 2019) (citing *Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 711–12 (D.C. Cir. 1997)). The court is considered an "expert" on the reasonable rates and may use its independent judgment in evaluating whether the hourly rate is reasonable. *Norman*, 836 F.2d at 1303 (citing *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)); *see also Kirkendall v. Comm'r of Soc. Sec.*, No. 3:17-cv-880-J-PDB, 2019 WL 913282, at *2 (M.D. Fla. Feb. 25, 2019). Courts in this District routinely calculate cost of living adjustments under the EAJA using the United States Department of Labor's Consumer Price Index ("CPI"). *See Wilborn v. Comm'r of Soc. Sec.*, No. 8:11-cv-2249-T-30MAP, 2013 WL 1760259, *1 (M.D. Fla. Apr. 24, 2013); *Rodgers v. Astrue*, 657 F. Supp. 2d 1275, 1277 (M.D. Fla. 2009).

Plaintiff seeks fees for 17.4 hours of EAJA-related representation for attorneys Richard A. Culbertson (.5 hours) and Sarah P. Jacobs (16.9 hours). (Doc. 27 at 2). After reviewing a description of the activities performed in relation to this matter, the undersigned determines that these hours are reasonable. (Doc. 27 at 11-12). Most of the time was spent analyzing the administrative record and preparing Plaintiff's brief. (*Id.*). None of the activities appear to be clerical, secretarial, or excludable as unnecessary.

With regard to the hourly rate, Plaintiff requests an award of $253.90 per hour for work in 2025 (2.2 hours total) and $258.83 for work in 2026 (15.2 hours). (*Id.* at 2). Based on the Court's knowledge, the market rate for similar services provided by lawyers of comparable skill, experience, and reputation in the Orlando area exceeds

the statutory rate of $125.00 per hour. Additionally, an increase in the cost of living from 1996, when the statutory rate was established, to when Plaintiff's counsel worked on this case justifies an upward adjustment from $125.00.

Courts in this district have found that using the CPI for the Southern region of the United States most accurately reflects the increase in the cost of living in the Orlando area. *See e.g., Kurdy v. Commissioner,* No. 6:20-cv-2456, slip op. at 5-6 (M.D. Fla. Aug. 3, 2022); *Zapata-Reyes v. Commissioner*, No. 6:18-cv-976, slip op. at 5–6 (M.D. Fla. Oct. 4, 2019); *Alzamora v. Commissioner*, No. 6:18-cv-618, slip op. at 5–6 (M.D. Fla. Oct. 4, 2019). Plaintiff represents that he used that CPI to calculate the requested rates here. Accordingly, Plaintiff is entitled to fees in the amount of $4,492.79, and it is therefor,

**ORDERED** that Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to the EAJA (Doc. 27) is **GRANTED**. Plaintiff is **AWARDED** fees in the amount of $4,492.79. If the U.S. Department of Treasury determines that Plaintiff does not owe a debt to the U.S. Government, the Commissioner may exercise the discretion to honor Plaintiff's assignment of fees to counsel, *see* Doc. 27-1.

**DONE and ORDERED** in Chambers in Orlando, Florida, July 29, 2026.

NATHAN W. HILL
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record